# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIK WILLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-156-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Erik Willis was convicted by a jury of being a felon in possession of a firearm and possessing an unregistered firearm in violation of 18 U.S.C. §§ 922(g)(1), 942(a)(2) and 26 U.S.C. §§ 5841, 4861(d) and 5871. Willis was sentenced to a total of 140 months of imprisonment and a three-year term of supervised release. He raises one issue on appeal: whether the district court erred in denying his motion to suppress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11291

In reviewing the denial of a motion to suppress, the district court's conclusions of law are reviewed de novo and its findings of facts, including credibility determinations, are reviewed for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir. 2010); *see also United States v. Tompkins*, 130 F.3d 117, 120 (5th Cir. 1997) (noting that historical facts about events leading up to a search or seizure are reviewed for clear error while the district court's ultimate conclusion on reasonable suspicion is reviewed de novo). However, we have held that the "failure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) (internal quotation marks and citation omitted).

Because Willis did not raise in the district court the specific argument that he raises now, that the pat-down itself constituted an unreasonable seizure, he has waived that issue on appeal. *See id.* However, for "good measure," we have considered the issue under the plain error standard of review. *See id.*; *see also United States v. Baker*, 538 F.3d 324, 328-29 & n.1 (5th Cir. 2008) (holding that this court will review an issue at most for plain error if an appellant failed to present a specific argument during the suppression inquiry in the district court).

In determining the legality of a police investigative stop, this court examines "(1) whether the officer's action of stopping the vehicle was justified at its inception, and (2) whether the officer's actions were reasonably related in scope to the circumstances that justified the stop." *United States v. Stevens*, 487 F.3d 232, 244 (5th Cir. 2007) (citing *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968)). Willis concedes that he was stopped for speeding and challenges only the subsequent pat-down.

No. 13-11291

In the course of conducting a routine traffic stop, an officer may perform a weapons "patdown" of all of the vehicle's occupants upon "reasonable suspicion that they may be armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 332 (2009); *see Terry*, 392 U.S. at 21-23. According to the suppression hearing testimony, which the district court found to be credible, after Willis was pulled over for speeding, Willis exited his vehicle in an irate state, yelling and cursing at the officer, and approached the officer with his fists clenched. Even if a reasonable officer on the scene would not have been warranted in believing that his safety might be in danger based on Willis's conduct, Willis has failed to show that the evidence would have been suppressed based on his challenge to the pat-down. The evidence in Willis's vehicle was seized pursuant to an inventory search, which Willis does not challenge and which was incident to Willis's arrest for assault on a public servant and evading arrest, and the evidence found in Willis's house and place of business was seized pursuant to affidavits obtained in a contemporaneous, separate investigation. Accordingly, Willis has failed to show that the denial of his motion to suppress constituted plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is AFFIRMED.